Filed 8/1/13  P. v. Babin CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH BABIN,<br><br>  Defendant and Appellant. | B245510<br><br>(Los Angeles County<br>Super. Ct. No.  NA093282) |

APPEAL from an order of the Superior Court of Los Angeles County. Arthur Jean, Jr., Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director and James A. Uyeda, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Appellant Joseph Babin was convicted of receiving stolen property. His court-appointed counsel has filed an opening brief raising no issues. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist, and affirm.

## RELEVANT PROCEDURAL BACKGROUND

On November 28, 2012, an amended information was filed, charging appellant in count one with first degree burglary (Pen. Code, § 459) and in count two with receiving stolen property (Pen. Code, § 496, subd. (a)).[1] Accompanying each count were allegations that appellant had suffered four felony convictions for purposes of section 667.5, subdivision (b), and six felony convictions for purposes of section 1203, subdivision (e)(4). At the prosecutor's request, count 1 was dismissed. Appellant pleaded not guilty to count 2 and denied the special allegations.

On November 30, 2012, a jury found appellant guilty of receiving stolen property. After finding the special allegations to be true, the trial court sentenced appellant to a total term of four years in county jail, comprising the two-year middle term for receiving stolen property and two one-year enhancements for prior prison terms (§ 667.5, subd. (b)). This appeal followed.

---

[1]    All further statutory citations are to the Penal Code.

2

## FACTS

A. *Prosecution Evidence*

In September 2012, Carmen Sayre and her husband lived in a residence on a property in Long Beach. Her son and his family lived in a separate residence on the property. The occupants of the property stored items in a garage attached to Sayre's residence, including two large black garage bags containing aluminum cans, Sayre's V.C.R., and her son's bicycle. The garage doors were ordinarily secured with a lock.

On September 4, 2012, at 8:00 a.m., Sayre checked the garage, and saw that its doors were locked. At approximately 9:26 a.m., Sayre and her husband heard noises within the garage. When she looked into the garage through a window, she saw a man walking out of the garage with the bags containing aluminum cans. Sayre had given no one permission to remove the bags.

Sayre returned to her house and made a 911 call. At the request of the 911 operator, Sayre waited in a nearby alley for the police to appear. There, she saw a man pick up a bicycle in the alley and ride away. According to Sayre, the cyclist was not the man that she saw in her garage.

Long Beach Police Department Officer Rudolfo Rodriguez and his partner responded to the 911 call in a patrol car. Approximately three blocks away from Sayre, the officers saw appellant, who was riding a bicycle and carrying trash bags. When appellant noticed the officers, he got off the bicycle, dropped the bags, and walked away from the officers, who stopped him.

As Rodriquez began a pat-down search, appellant said, "Man, what's going on? That garage was open." Rodriguez issued *Miranda* advisements to appellant, who agreed to speak to the officers. [2] Appellant said that he had been riding his

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

3

bicycle in an alley when he saw a newer bicycle and a bag of recyclables. He then took the newer bicycle and the bag. According to Rodriguez, appellant stated that he knew that it was wrong to do so, but he needed money. When the officers searched the area near where appellant abandoned the bicycle and the bags, they found several other items, including Sayre's V.C.R.

B. *Defense Evidence*

Appellant presented no evidence.

## DISCUSSION

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues and requesting this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider. Appellant has neither presented a brief nor identified any potential issues. Our examination of the entire record establishes that appellant's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

SUZUKAWA, J.